# CASES

ADJUDGED IN

# THE COURT OF CHANCERY

## OF THE STATE OF NEW JERSEY.

### FEBRUARY TERM, 1871.

---

### ROE'S EXECUTORS *vs.* ROE and others.

A provision by a testator for a home for his widow and minor children until all become of age, under the direction of their mother, will be defeated as to the widow, by her election not to accept it in lieu of dower as provided in the will. But the substantial benefit intended for the infant children by devoting the amount directed to their support, will not be wholly defeated by such election of the widow; and a court of equity will see to it that the amount set apart by the testator for that purpose shall be applied to the benefit of the infants substantially as intended by the testator.

---

The bill was filed by the complainants for directions as to the administration and settlement of the estate of their testator, and involves the construction of his will. The widow and devisees, including all the children of the testator, are made parties. Four of these children are infants. The facts which appear by the answers of the adult defendants, and by proofs as against the infants, are these :

The testator died in December, 1867, leaving a widow, the defendant, Keturah Roe, and nine children; four of these were children of a former wife; four of the children of Keturah were and are still under age. By his will, made

VOL. VI.                    R

in November, 1867, after directing his debts to be paid and giving $1000 to each of his nine children, except one, to whom he had advanced that amount, he directed in the eighth clause, as follows : "That my executors invest $8000 in a suitable and well improved farm in the county of Sussex, and hold the same in trust for the use of my wife Keturah and my sister Hannah Cox, wife of David Cox, if she be left a widow, and during her widowhood, and my five children, Amzi, Charles, Sarah, Amelia, and Carrie, until the youngest of my said children shall arrive at the age of twenty-one years, or until the death or marriage of my said wife Keturah; it being my intention and purpose in this manner to provide a home for my wife and younger children; and it is my wish and desire that they live together as one family. And I do further order and direct my executors to place upon the said farm for their use, stock and farming utensils sufficient for the same, not to exceed in value $1500, and hold the same in trust as aforesaid."

He further directed that his wife and said five children. should have the use of all his household goods while they remained on the farm so to be purchased; and if the proceeds of the farm should not be sufficient for the comfortable support and maintenance of his wife and his said five children, he directed that his executors should make up the deficiency out of the interest accruing on the part of his estate in their hands.

He directed that if either of these children should marry, his or her right to enjoy such home should cease; and that if his wife should marry, the trust should immediately terminate.

He gave all the residue of his property to his nine children equally, but provided that if his wife should marry, the whole should go exclusively to the four children of his first marriage; and declared that the provisions for his wife were in lieu of her right of dower. He directed his executors to keep all moneys in their hands invested,

Roe's Executors *v.* Roe.

and that the interest should go into and form part of his estate.

In the last clause of the will he directed his executors, on the termination of the trust, either by his youngest child arriving at full age, or by the death or marriage of his wife, to sell the property held in trust, and to settle up his estate as by the will before directed, provided each of his children should have at that time arrived at the age of twenty-one; but in case either of them should still be under that age, he directs his executors to invest the share of such securely, and pay to each the interest thereof during minority, and the principal when of age.

The widow, within six months from testator's death, renounced the provisions of the will in her favor and refused to accept them in lieu of her dower, and filed such renunciation and refusal, duly executed, in the office of the surrogate of Sussex, the county in which the testator resided at his death.

The four children of the first marriage, by a deed dated May 30th, 1868, released and conveyed to the five children of the widow all right in the residue of the estate, which might accrue to them on the marriage of the widow, by the provisions of the will; this deed was not to prevent the termination of the trust by such marriage.

The executors, by virtue of a power in the will, sold all the testator's real estate and settled their final account of the whole estate in the Orphans Court of Sussex county, in September, 1869, when the account was allowed by the court.

The real estate was sold for $17,544, and the widow joined in the sale and conveyed her right of dower, on condition that $5848, one-third of the purchase money, should be invested for her benefit and the interest paid to her for her life, which was done by the executors. The personal estate amounted to $11,678.85, including the household goods, valued at $434.56. The balance found at the account remaining in the hands of the executors, after deducting debts and expenses of administration, the special

legacies which had been paid, and the sum invested for the life of the widow, was $17,365.83.

The children of the first marriage claim that the trust wholly failed and has terminated, by reason of the refusal of the widow to accept her interest in it, without which a home could not be constituted and provided for the family, and that in consequence of this failure the estate must now be distributed as directed by the will, among all the testator's children; that their deed of release has destroyed the contingency, and the share of each child is fixed and vested.

On part of the children of the second marriage, it is claimed that the renunciation of the widow could only affect her own interest in the trust, and that they are entitled to have the provision of the trust carried into effect as far as they are concerned. Hannah Cox claims the same on her part.

The executors are advised that they cannot safely settle up the estate, as claimed by the children of the first wife, or safely proceed to carry out the directions for the trust, and pray the direction of the court.

*Mr. D. Haines,* for complainants.

*Mr. Coult* and *Mr. Van Blarcom,* for Mrs. Roe, Mrs. Cox, and infants.

*Mr. Skinner,* for W. C. Roe and others.

THE CHANCELLOR.

The only duty of the court in this case is to guard the interest of Mrs. Cox and the infant defendants. All the others are willing that the executors should immediately divide and pay over the residue of the estate in their hands, equally among the nine children; the sum invested for the widow to be divided in like manner, at her death. This would, no doubt, be the best settlement of the whole matter,

were it not that the infants may have rights arising from the plain intention of their father to provide for their support until all became of age out of the bulk of his property before it was divided. He supposed he had secured the co-operation of his widow in this, by cutting off her children from all interest in his estate in case by her marriage she broke up the home he provided. He declared this trust should last until his widow died or married, or until his children were all married or of age. He provided for these cases; but he did not foresee that the trust might, in part at least, be frustrated by the refusal of his wife to accept its provisions in lieu of her dower, and made no provision for that case. The widow, for herself, had a perfect right to elect to retain her dower. The amount she receives may be, so far as she is concerned, more valuable and of longer duration than the provisions of the will. But neither her choice, nor the release of the contingent limitation in case of her re-marriage, can divest any substantial right given by the will to her children and vested in them. She may render it difficult or impossible to carry out the provision in the way intended by the testator, but it is the duty of the court to protect these rights and have them carried out, if not in the precise mode directed by the testator, yet as near that mode as practicable.

For the children of his second wife the testator intended two things: first, to provide them a home with and under the care of their mother until the youngest became of age, to the extent of the sums provided, to wit, $9500 and his household furniture; secondly, to provide them with sufficient and comfortable support, to the extent of that investment for a home, and of the interest on all the residue of his estate, if the farm provided was insufficient. To his other children he only intended to give an equal share of the residue of his estate, including accumulated interest, after this trust should terminate; it could last until the youngest child came of age, and no longer. If these children receive this they will receive all that their father in-

tended for them. A benefit intended for them in case of the marriage of the widow they have voluntarily renounced, but they are still entitled to their equal share upon her death or marriage. I see no claim that these four children have to an equal distribution of the estate now, so as to defeat the right of the others to support out of the estate provided and intended to be given by their father.

The rights of the five children cannot be lost or forfeited by the conduct or default of their mother, and they should be secured to them in such way as is practicable, but without infringing on the rights of the other four children. So far as these rights are infringed by the renunciation of their step-mother, they can have no relief.

It is possible that a home might yet be furnished for these children with their mother in the manner directed by the will, provided she would agree to live with them on the farm, and provide for her own maintenance and support out of her own means. It is the provision for her support, and not her living in the same home with her children, that are given in lieu of dower, and forfeited by her renunciation. But this can only be done by arrangement of the parties, and not by direction of the court.

I must regard the case as if the intention of providing a home for these children is defeated, and consider whether the provision for their support is frustrated thereby. This provision is clearly declared by the will, and there is no forfeiture of it declared, either directly or by inference, on account of the refusal of the widow to accept the provisions for her. The amount set aside for the support of the children, Mrs. Roe and Mrs. Cox, by providing a farm, its stock and utensils, and the household furniture, was $9934.56. Of this, one-seventh may be considered as intended for Mrs. Roe, and one-seventh for Mrs. Cox; the rest to the five children, or such of them as remain unmarried. And it is just and equitable that this amount, if it cannot be appropriated to the support of these children in the way directed by the will, should be applied to that object in the

way in which it can be done, by directing the interest to be paid for that purpose.

The residue of the principal must be kept invested until the time for distribution directed by the will, that is, the termination of the time by the youngest child becoming of age, or by the death or marriage of the widow.

Out of the interest of this residue these children may be entitled to aid in their support. In what case and to what extent they may be entitled to such aid, it may be very difficult to determine, and it is not necessary now to lay down any rule; it is enough for the matter now before me, to determine that they may be entitled to it. The executors have then no right to distribute that fund and deprive them of the possibility of such aid.

In my opinion, the five children of Mrs. Roe, or such of them as remain unmarried, are entitled to the interest of five-sevenths of the sum of $9934.56, set aside for this trust, until the termination of the trust; and that Mrs. Cox is entitled to the interest of one-seventh during her widowhood, the same to go to the five children in case her right expires before the termination of the trust.